UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 14-747(DSD/FLN)

Clifford Eaton,

        Plaintiff,

v.                                                          **ORDER**

Central Portfolio Control, Inc,

        Defendant.

>   Clifford Eaton, #12878-074, FCI Otisville, P.O. Box 1000,
>   Otisville, NY 10963-1000, pro se.
>
>   James R. Bedell, Esq., Michael S. Poncin, Esq. and Moss
>   & Barnett, PA, 150 South Fifth Street, Suite 1200,
>   Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Central Portfolio Control, Inc. (CPC). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

                            **BACKGROUND**

This credit dispute arises out of a consumer credit report accessed by Central Portfolio Control, Inc. (CPC). CPC is in the business of debt collection. Barrett Supp. Aff. ¶ 1. On January 17, 2012, CPC requested Clifford Eaton's credit report to assist with collecting on a debt that Eaton allegedly owed to Nissan. Id. ¶ 4, 5. Eaton obtained copies of his credit report on April 18, 2012, and June 25, 2012, and discovered that CPC accessed the

report. Eaton Decl. ¶¶ 8, 9. On March 17, 2014, Eaton filed this action, alleging violations of the FCRA and intrusion upon seclusion. CPC moves for summary judgment.[1]

**DISCUSSION**

**I.   Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477

---

[1] Eaton has requested leave to file a surreply in opposition to this motion and a reply in support of his motion to strike affidavit. ECF Nos. 31, 32. He filed the surreply and reply before receiving further direction from the court. In order to give a complete review of Eaton's pro se pleadings and the record in this matter, the court grants Eaton's request and considers the reply and surreply in deciding the instant motion.

U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Fair Credit Reporting Act**

Eaton argues that CPC violated § 1682b(f) of the FCRA by accessing his credit report without a permissible purpose. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)). An entity may not use or obtain another's credit report unless it is "for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. §1681b(f). The FCRA is not violated, however, so long as the entity has "a good faith belief that it had a permissible purpose" to access the report. See Barton v. Ocwen Loan Servicing LLC, Civ. No. 12-162, 2013 WL 5781324, at *4 (D. Minn. Oct. 25, 2013).

CPC argues that it had a permissible purpose for accessing Eaton's report - to collect on the debt Eaton allegedly owed to

3

Nissan. The court agrees. A debt collector may access a credit report if it "intends to use the information in connection with a credit transaction involving the ... collection of an account." 15 U.S.C. § 1681b(a)(3)(A). CPC submitted internal account notes and a copy of Eaton's credit report showing that Eaton was past due on his account with Nissan and that the account was placed with CPC for collection. Barrett Supp. Aff. Exs. 1, 2. Although Eaton disputes whether he owed any debt at all, such a dispute is immaterial so long as CPC "had reason to believe that [Eaton] defaulted on the ... account." Beckstrom v. Direct Merchant's Credit Bank, Civ. No. 04-1351, 2005 WL 1869107, at *3 (D. Minn. Aug. 5, 2005) (dismissing FCRA claim where a credit report was accessed in good faith in order to collect on a debt that plaintiff did not owe).

Eaton also argues that the affidavits submitted by CPC to show it had a permissible purpose are inadmissible under the best evidence rule. The court disagrees. "An original writing, recording, or photograph is required in order to prove its content" unless provided otherwise by the Federal Rules of Evidence or a federal statute. Fed. R. Evid. 1002.

Eaton concedes that CPC does not need to prove the existence or validity of his debt. He argues, however, that CPC must submit original documentation showing he had an account with Nissan and that the account was placed with CPC for collection. The court

4

finds this distinction to be immaterial. As already explained, CPC must show it had a good faith belief that it had a permissible purpose to access Eaton's report. The internal notes and credit report submitted by CPC show that it acted with such a belief. Whether the account actually existed or was placed with CPC is irrelevant. See Eaton v. Plaza Recovery, Inc., Civ. Act. No. H-12-3043, 2014 WL 2207865, at *2-3 (S.D. Tex. May 28, 2014) (denying motion to strike affidavit under the best evidence rule and noting that the FCRA does "not require a debt collector ... to prove that the debtor owned the account ... or that the account was referred to collection"). As a result, summary judgment is warranted on the FCRA claim.

**III. Intrusion Upon Seclusion**

Eaton next argues that CPC intruded upon his seclusion by accessing his credit report. Intrusion upon seclusion occurs when there is (1) an intrusion, (2) that is highly offensive to a reasonable person, (3) into some matter in which a person has a legitimate expectation of privacy. Swarthout v. Mut. Serv. Life. Ins. Co., 632 N.W.2d 741, 744-45 (Minn. Ct. App. 2001) (citation and internal quotation marks omitted). "In the context of intrusion upon seclusion, questions about the reasonable person standard are ordinarily questions of fact, ... but they become questions of law if reasonable persons can draw only one conclusion

5

from the evidence." Id. at 745 (citation and internal quotation marks omitted).

Eaton argues that the access of his credit report is highly offensive because personal credit data is not ordinarily available to the public. Simply accessing another's credit report in good faith, however, does not typically give rise to an intrusion upon seclusion claim. See Phillips v. Grendahl, 312 F.3d 357, 373 (8th Cir. 2002) (denying claim where the report listed a social-security number, addresses of former employers, credit accounts, and a child-support order), abrogated on other grounds by Safeco Ins. Co. Am. v. Burr, 551 U.S. 47 (2007); Beckstrom, 2005 WL 1869107, at *4 (dismissing claim in part because debt collector believed it had a legitimate purpose for accessing the report); see also Barton, 2013 WL 5781324, at *7 (denying summary judgment where a fact issue existed as to defendant's good faith belief that it had a permissible purpose to access the report).

Eaton fails to distinguish the facts at issue here from other cases in which the access of a credit report did not give rise to an intrusion upon seclusion claim. Instead, he notes that CPC has not explained what information it obtained from his report. By not pointing to any factual material to support his claim - such as identifying the specific information in the report that he believes would be offensive - Eaton fails to create a genuine factual dispute for purposes of surviving summary judgment. See Celotex,

477 U.S. at 324. Moreover, the limited cases in Minnesota finding intrusion upon seclusion are based on much more egregious facts than those present here. See, e.g., Swarthout, 632 N.W.2d at 745 (reversing summary judgment on intrusion upon seclusion claim where defendant altered a release form to obtain medical information). As a result, summary judgment is warranted on the intrusion upon seclusion claim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1. The motion for summary judgment [ECF No. 13] is granted;

2. The motion to strike affidavit [ECF No. 20] is denied;

3. The motion for an order directing plaintiff's appearance at hearing [ECF No. 22] is denied;

4. The motion for leave to file a reply in support of motion to strike affidavit [ECF No. 31] is granted;

5. The motion for leave to file a surreply in opposition to motion for summary judgment [ECF No. 32] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 9, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court